[Crim. No. 2232. First Dist., Div. Two. Sept. 29, 1942.]

THE PEOPLE, Respondent, v. EARL SMITH, Appellant.

Alfred J. Hennessy for Appellant.

Earl Warren, Attorney General, and David K. Lener and Allen L. Martin, Deputies Attorney General, for Respondent.

NOURSE, P. J.—The defendant was tried upon two informations—one charging him with unlawfully furnishing a third person with a preparation of opium, the other charging him with unlawfully transporting a preparation of opium —both in violation of section 11160 of the Health and Safety

Code. (Stats. 1939, p. 758.) A jury's verdict found him guilty of both offenses "as charged in the information." The appeal is from the judgments and from the orders denying a new trial.

Certain police officers in the city and county of San Francisco, having arrested a third person for possession of narcotics, took him to the city prison, made a thorough search of his person to see that he had no more in his possession, and arranged with him to make contact with the defendant who was on parole from a federal court upon a prior narcotic conviction. The officers gave the informer some marked money, took him to a certain location within the city where, within the view of the officers, he met the defendant. Soon after the informer met the defendant he was searched by the officers and a package of opium was found, but none of the money was in his possession. Upon his arrest the defendant admitted that he had sold opium and appealed to one of the officers to let him off upon the basis of their membership in a fraternal order.

Appellant first attacks the informations as insufficient because they did not allege the exceptions made in the code section when narcotics have been secured under a medical prescription, and because they charged possession of a "preparation" of opium. Both points have been ruled against appellant in *People* v. *Bill*, 140 Cal. App. 389 [35 P. (2d) 645]. See, also, 14 Cal. Jur., page 52.

Appellant argues that the evidence is insufficient. We have heretofore given a brief summary and, if the jury accepted this evidence and rejected the testimony in support of appellant's plea of an alibi, the verdict cannot be said to be without evidentiary support.

Appellant's criticism of the order admitting in evidence the package of opium alleged to have been transported and sold is not sound. The exhibit was properly identified; it had been submitted to a chemist who testified that the substance in the package was opium.

The appellant complains of the admission of evidence relating to membership in a fraternal order. Without any objection from the appellant, one of the arresting officers testified that when he made the arrest he was wearing an emblem of a fraternal order and that appellant displayed a card or receipt showing that he had been a member of the same fraternity. He then testified that the appellant ap-

pealed to him on the basis of such membership to refrain from making the arrest. Appellant as a witness denied the incident. In rebuttal the arresting officer testified that the appellant displayed a Masonic emblem on his coat and cards showing that he had been a member of that order some fifteen years previous, that he gave him the "distress signal of the Masonic Order" and asked him to "give him a chance and not book him." The appellant objected to the testimony and moved to strike out that part relating to the "distress signal." In denying the motion the trial judge stated that there "would be no difference between saying he gave the distress signal or asked him to go easy on him. . . ." The admission of the evidence, and the ruling on the motion are assigned as error. But the whole circumstance was invited by appellant while he was a witness. He denied that anything of the kind had occurred. This permitted the State to cross-examine him on the occurrence and to present the rebuttal testimony. We find no error in the record.

The judgments and the orders are affirmed.

Sturtevant, J., and Spence, J., concurred.